UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WALTER F. SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV00437 ERW |
| ) | |
| CITIFINANCIAL MORTGAGE ) | |
| COMPANY, INC. ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendant's Motion to Compel Arbitration [doc. #4] and Motion for Extension of Time to Complete Mediation [doc. #10].

**I. BACKGROUND FACTS**

On February 9, 2001, Walter F. Scott ("Plaintiff") entered into a loan agreement with CitiFinancial Mortgage Company, Inc. ("Defendant"), secured by his house in St. Louis, Missouri. Plaintiff experienced difficulty keeping current on his payments under the loan and eventually defaulted. Defendant exercised its right to name a successor trustee, and the successor trustee initiated non-judicial foreclosure proceedings on Plaintiff's house. Plaintiff responded by filing a lawsuit in this Court on August 8, 2003, against both Defendant and the successor trustee, asserting claims under various federal statutes relating to collection activity and foreclosure proceedings concerning his loan. *See Scott v. CitiFinancial Mortgage et al.*, Case No. 4:03CV01087 ERW (E.D. Mo. 2003) ("the first lawsuit). Shortly thereafter, Defendant filed a Motion to Compel Arbitration based on an arbitration agreement between the parties, and the Motion was granted. The parties then

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

engaged in settlement negotiations and entered into a final Settlement Agreement and Mutual Release on February 23, 2004. The suit was dismissed with prejudice on March 8, 2004.

The Settlement Agreement and Mutual Release from the first lawsuit modified Plaintiff's loan, as described in the Loan Modification Agreement, setting out a new principal amount and a new payment schedule. The Settlement Agreement and Mutual Release and the Loan Modification Agreement expressly noted that the parties also executed a separate Arbitration Agreement in connection with the loan modification. The Arbitration Agreement provides that claims related to the refinanced loan may be subjected to arbitration upon the demand of either party.

On March 9, 2006, Plaintiff filed the current lawsuit asserting claims for breach of contract, tortuous interference with a contract, a violation of 42 U.S.C. § 1982, and a violation of 42 U.S.C. § 1981. In his Compliant, Plaintiff alleges that he requested that Defendant arbitrate these claims, but that Defendant repeatedly refused to do so. According to Plaintiff, because Defendant ignored his requests, he brought the instant suit. Defendant now demands that this suit be subjected to arbitration pursuant to the Arbitration Agreement.

## II.  LEGAL STANDARD

The Federal Arbitration Act ("FAA"), evidences a strong "national policy favoring arbitration." *UHC Mgmt. Co., Inc. v. Computer Sciences Corp.*, 148 F.3d 992, 995 (8th Cir. 1998) (citing *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984)). If parties have agreed to resolve their disputes by arbitration, the agreement will be "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "The preeminent concern of Congress in passing the Act was to enforce private agreements into which parties had entered," a concern which requires that agreements to arbitrate be "rigorously" enforced.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). The FAA further provides that a court may exercise its jurisdiction to stay the trial of an action at the request of one party to allow the matter to be arbitrated in accordance with the parties' agreement to do so. 9 U.S.C. § 3.

**III. DISCUSSION**

The Arbitration Agreement executed by Plaintiff and Defendant states that, "[i]f either Plaintiff or Defendant file a lawsuit, counterclaim, or other action in court, the other party has the absolute right to demand arbitration following the filing of such action." Def.'s Ex. C, ¶ 3. The parties executed the Arbitration Agreement in connection with the refinancing of Plaintiff's loan following the settlement of the first lawsuit. Defendant expressly bargained for inclusion of the Arbitration Agreement as part of the settlement. The Arbitration Agreement applies to all "claims" which are further defined as including "any case, controversy, dispute, tort, disagreement, lawsuit, or claim now or hereafter existing between Plaintiff and Defendant." *Id.* The present suit asserts four counts of breach of contract, one count for tort, and two federal civil rights counts for alleged discrimination. All of these claims relate to provisions of the Settlement Agreement and Mutual Release, the refinanced loan, and the property securing that loan. Each of these counts clearly falls within the scope of the Arbitration Agreement. Plaintiff has presented no argument or law which might demonstrate the Arbitration Agreement is invalid or that his claims are not subject to arbitration.[1]

---

[1] In his Memorandum in Opposition to Defendant's Motion to Compel, Plaintiff presents a single ground for opposition. Plaintiff argues that, because he requested this dispute be arbitrated and Defendant did not timely respond to his request, Defendant should not now be permitted to request that this matter be arbitrated. Plaintiff essentially suggests that Defendant waived its right to arbitrate. Plaintiff's argument is without merit for a number of reasons. First, the Arbitration Agreement plainly provides that both parties must agree, in writing, to forgo arbitration of their

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Therefore, the Court will grant Defendant's Motion to Compel Arbitration.

Plaintiff has also filed a Motion for Extension of Time to Complete Mediation [doc. #10]. In his Motion, Plaintiff states that he and Defendant have been negotiating for settlement of this matter since May 6, 2006, that settlement has not yet been reached, and requests that he "be allowed to continue his case before this Court." Because the Court has determined that this matter should be compelled to arbitration in accordance with the parties' Arbitration Agreement, the Court will deny Plaintiff's Motion for Extension of Time to Complete Mediation.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant s Motion to Compel [doc. #4] is **GRANTED**. This matter shall be **STAYED** and the parties shall submit their dispute to binding arbitration, in accordance with the terms of the Arbitration Agreement.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to Complete Mediation [doc. #10] is **DENIED**.

Dated this 25th day of July, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

---

disputes. Second, Plaintiff himself failed to comply with the plain language of the Arbitration Agreement when making his requests to Defendant for arbitration. The Arbitration Agreement states that "[t]he party initiating the arbitration must choose one of the three following firms ('Administrator') and follow the Rules for initiating and pursuing an arbitration," and that "the party making demand upon the Administrator for arbitration shall pay to the Administrator the filing required by the Rules when the demand is made." Defendant did not comply with these provisions. Finally, disputes about whether a party has waived its arbitration rights are generally for the arbitrator to decide; they are not a reason to deny arbitration. *See Pro Tech Indus., Inc. v. URS Corp.*, 377 F.3d 868, 871-72 (8th Cir. 2004).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com