UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WALTER F. SCOTT, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:06CV00437-ERW |
| ) | |
| CITIFINANCIAL MORTGAGE CO., INC., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Citifinancial Mortgage Company's Motion to Lift Stay and Confirm Arbitration Award [doc. #20], Plaintiff's Motion for an Extension of Time [doc. #24], Plaintiff's Motion to Obtain Release of Documents for Judicial Proceedings from the American Arbitration Association [doc. #27], and Plaintiff's Motion to Appoint Counsel [doc. #28].

**I. BACKGROUND**

Plaintiff filed suit against Defendant alleging breach of contract, violation of Regulation Z under 15 U.S.C. §§1666 & 1666(a), tortious interference with contract, fraud, and violation of 42 U.S.C. §§ 1982 & 1981. All claims arose out of a settlement agreement, entered into following a previous lawsuit involving the same named parties, which contained a revised payment schedule for Plaintiff's home mortgage, and an arbitration agreement ("Settlement Agreement" or "Arbitration Agreement"). Plaintiff alleges Defendant violated this agreement by failing to correct his credit payment history, causing him harm. Defendant refuted these allegations, and filed a counterclaim for the settlement amount, plus interest and attorney's fees.

On May 5, 2006, Defendant filed a Motion to Compel Arbitration, which this Court granted on July 25, 2006. The case was stayed and the parties ordered to submit their dispute to binding arbitration in accordance with the terms of the Settlement Agreement. The Court was advised that an arbitration hearing was conducted on May 7, 2007, and May 8, 2007, and that an order would be forthcoming within thirty (30) days of the completion of the arbitration. A final ruling was entered on June 4, 2007 in favor of Defendant on all counts of Plaintiff's complaint, and in favor of Defendant on Defendant's counterclaim. On June 19, 2007, Defendant filed the pending motion to lift the stay and confirm the arbitration award in its favor. Plaintiff filed a reply brief to Defendant's motion, and subsequently filed a motion for an extension of time to respond to Defendant's motion, due to the fact that Plaintiff had filed a motion for reconsideration with the arbitration association, which was still pending. The Court set Defendant's and Plaintiff's motions for a hearing, to be held on July 9, 2007. Prior to the in court hearing, on July 3, 2007, Defendant advised the Court that the arbitrator had ruled on Plaintiff's motion for reconsideration, and denied it. On July 6, 2007, Plaintiff filed a Motion to Obtain the Release of Documents for Judicial Proceedings from the American Arbitration Association. The Court held the scheduled hearing on July 9, 2007, addressing all pending motions. The Court was advised at the hearing the Plaintiff had filed a Motion to Appoint Counsel [doc. #29], and it was subsequently addressed by the parties. The Court will address all pending motions in this order.

## II. DISCUSSION

### A. MOTION FOR EXTENSION OF TIME

Plaintiff filed a motion for an extension of time to respond to Defendant's motion to lift the stay, arguing that Defendant's motion was premature. Specifically, Plaintiff asserts that because he had a motion for reconsideration pending before the arbitration association,

Defendant's motion was procedurally improper. Defendant responds that a motion to confirm the arbitration award may be filed at anytime up to one year following the arbitration award, and therefore was timely. *See* 9 U.S.C. § 9. As noted above, in the time between Plaintiff filing his motion for an extension of time and the date of the in court hearing, the arbitrator ruled on Plaintiff's motion. Plaintiff's Motion was denied, therefore, it is unnecessary for this Court to await a further ruling by the arbitrator. Additionally, the Court notes that Plaintiff did file a response to Defendant's Motion to lift the stay and confirm the award. Therefore, the Court denies Plaintiff's Motion for an extension of time to file a response to Defendant's Motion to Lift the Stay and Confirm the Arbitration Award as moot.

### B. MOTION TO APPOINT COUNSEL

Plaintiff submitted a request for appointment of counsel, and the required financial affidavit in support of his request. On his application Plaintiff states that he receives $320.00 per month in Social Security Benefits, and that this is his sole source of income. Plaintiff further asserts that the makes monthly payments in the amount of $556.89 to Citifinancial Mortgage Company, and has monthly bills of $68.00 to Southwestern Bell and $61.00 to Union Electric. Defendant opposes Plaintiff's request for appointment of counsel, arguing that the request is untimely, as the case has been pending since March 9, 2006, and that Plaintiff's request is filed for the purpose of causing further delay. Additionally, Defendant argues that the nature of this case is not complex, and does not require a lengthy fact investigation, therefore no assistance of counsel is required.

Although the Court is sympathetic to Plaintiff's financial situation, this is not an appropriate case, nor an appropriate juncture to appoint counsel. 28 U.S.C. § 1915(e)(1) states that "[t]he court may request an attorney to represent any person unable to afford counsel." In

ruling on a motion to appoint counsel "[t]he court should . . . determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984). In *Johnson v. Williams*, the Eighth Circuit listed a number of factors a district court should consider in ruling on a Motion to Appoint Counsel. 788 F.2d 1319, 1322-1323 (8th Cir. 1986). "We believe that in addition to factual complexity, the district court should also consider the ability of an indigent to investigate the facts . . ., the existence of conflicting testimony . . ., the ability of an indigent to present his claim . . ., and the complexity of the legal issues." *Id.* The Eighth Circuit also emphasized that this is not an "exclusive checklist." *Id.* at 1323.

In the case at bar the Plaintiff was given the opportunity to present his claim to the arbitrator, and was able to present all available evidence. The case was not factually complex, and the Plaintiff has not previously suggested that he is unable to present his claims. Plaintiff seeks counsel for the sole purpose of responding to Defendant's Motion to Confirm the Arbitration Award. However, the bases available for challenging an arbitration award are extremely narrow, and Plaintiff has not implicated the applicability of any bases for overturning the award. The Court does not believe that either Plaintiff or this Court will benefit from the appointment of counsel at this stage of the litigation. *Nelson*, 728 F.2d at 1005. Therefore, Plaintiff's motion to appoint counsel is denied.

### C. MOTION TO LIFT STAY AND CONFIRM ARBITRATION AWARD

The Court will now address Defendant's Motion to Confirm the Arbitration Award. Defendant requests this Court enter judgment in the amount of $149,865.11; a sum comprised of the principal due in accordance with the Settlement Agreement, interest, and attorney's fees.

9 U.S.C. § 9 governs confirmation of arbitration awards under the Federal Arbitration Act (FAA). It provides for jurisdiction in either the court specified by the parties in the arbitration agreement, or "[i]f no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within such award was made." 9 U.S.C. § 9. Section nine of the FAA further provides that "any party to the arbitration may apply . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." *Id.* The bases for vacating an arbitrator's award are "extremely narrow." 9 U.S.C. § 10 states:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to prostpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy. . .; (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made.

9 U.S.C. § 10(a)(1)-(4).[1] The Eighth Circuit has described the court's role in reviewing an arbitration award in narrow terms. "The court's sole function is to decide whether the arbitrators'

---

[1]Section 11 also provides grounds for overruling an arbitration award, however, such grounds are mainly clerical. Section 11 states:

> In either of the following cases the United States court . . . may make an order modifying or correcting the award upon the application of any party to the arbitration--(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award. (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted. (c) Where the award is imperfect in matter of form not affecting the merits of the controversy. The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

9 U.S.C. § 11. This section is not applicable to the case at bar.

5

decision draws its essence from the contract." *Executive Life Ins. Co. of New York v. Alexander Ins. Ltd.*, 999 F.2d 318, 320 (8th Cir. 1993). Furthermore, "[i]n deciding whether an arbitrator has exceeded contractual authority, the contract 'must be broadly construed with all doubts being resolved in favor of the arbitrator's authority.'" *Id.* (internal quotation omitted).

As an initial matter the Court notes that jurisdiction is proper; the arbitration took place in Clayton, Missouri, within the judicial district of this Court, and therefore jurisdiction to review the award is conferred pursuant to 9 U.S.C. § 9. Additionally, Plaintiff originally filed suit in this Court, which stayed proceedings pending arbitration, and therefore this Court has jurisdiction to enforce the award. *See Smart v. Sunshine Potato Flakes, Inc.*, 307 F.3d 684, 685 (8th Cir. 2002) ("After it [the court] entered a stay pending arbitration under 9 U.S.C. § 3, the court had the further power to confirm any ensuing arbitration award."); *see also* Doc. #11, July 25. Both jurisdiction and venue are proper in this Court, and therefore this Court will address the substance of Defendant's motion.

This Court ruled on July 25, 2006, that under the terms of the Arbitration Agreement, signed by the parties in conjunction with the settlement agreement, all claims in dispute were subject to binding arbitration. Therefore, the only remaining question for this Court to decide is whether the arbitrator had the power to make the award? *See Trailmobile Trailer, LLC v. International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers, AFL-CIO*, 223 F.3d 744, 746 (8th Cir. 2000) ("Our review of an arbitration award generally involves two inquiries: (1) Did the parties agree to arbitrate? and (2) Did the arbitrator have the power to make the award that he made?"). Under such circumstances "a confirmation proceeding under 9 U.S.C. § 9 is intended to be summary . . .." *McClelland v. Azrilyan*, 31 F.Supp.2d 707, 713 (1998); *see also Trailmobile Trailer, LLC*, 223 F.3d at 746 ("[A]s long as the arbitrator is even

arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.").

The Court heard oral arguments by the parties on Defendant's Motion to Confirm the Arbitration Award, as well as reviewing the briefs submitted to this Court. The Plaintiff has not provided the Court with any evidence that the arbitrator exceeded his authority. In Plaintiff's reply brief Plaintiff specifically states that he presented evidence before the arbitrator on each one of his claims. He conclusively states that the award violates the grounds listed in Section 10 of the Federal Arbitration Act, but then his arguments and evidence fail to support this. To the contrary, the remainder of Plaintiff's brief addresses Plaintiff's factual disputes with the arbitrator's decision. The narrow scope of this Court's review does not permit the Court to look to the factual discrepancies raised by Plaintiff. Defendant's submitted to this Court a copy of the arbitration award, and while the ruling is not detailed, it states that the arbitrator held a two day hearing, provided the opportunity to present evidence, and allowed the filing of post-hearing briefs. *Def. Memo. in Support of Def. Mot. to Lift Stay and Confirm Arbitration Award*, Ex. 2. Following the submission of all evidence, the arbitrator ruled on all of the claims pending before him, in accordance with the Contract. *Id.* Plaintiff has provided no basis for this Court to deny Defendant's motion. There is nothing further for this Court to decide, and therefore the arbitration award shall be confirmed, and judgment entered in accordance therewith.

### III.  CONCLUSION

The Court concludes that no additional time, nor additional documents are required in order for Plaintiff to adequately respond to Defendant's Motion to Lift the Stay and Confirm the Arbitration Award. Nor has Plaintiff shown that he requires the assistance of counsel. In accordance with a validly executed Arbitration Agreement this Court stayed the above styled

action pending arbitration. That arbitration was completed, Plaintiff was given the opportunity to present evidence and argue his case before the arbitrator. Furthermore, Plaintiff filed a motion for reconsideration which was reviewed by the arbitrator and denied. This Court's review of an arbitrator's ruling is limited, and the Court does not find that any of the discrete bases for overruling an arbitrator's award are applicable. Therefore Defendant is entitled to a judgment in its favor in accordance with the arbitration award.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Citifinancial Mortgage Company, Inc.'s Motion to lift stay and Confirm Arbitration Award [doc. #20] is **GRANTED**. Defendant shall have judgment against the Plaintiff on all counts of Plaintiff's Amended Complaint. Defendant shall have judgment against Plaintiff on Defendant's Counterclaim in the amount of $149,865.11.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for an Extension of Time [doc. #24] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Obtain Release of Documents for Judicial Proceedings from the American Arbitration Association [doc. #27] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel [doc. #28] is **DENIED**.

Dated this <u>11th</u> Day of <u>July</u>, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE