UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WALTER F. SCOTT, | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 4:06CV00437-ERW |
| CITIFINANCIAL MORTGAGE CO. INC., | ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Relief from Judgment [doc. #35].

On July 11, 2007, this Court entered judgment in favor of Defendant Citifinancial Mortgage Company, against Plaintiff Scott, on all counts of Plaintiff's Third Amended Complaint. Plaintiff now seeks relief from that order under Federal Rules of Civil procedure 60(b)(1), (b)(2), (b)(3), and 59. The Court finds that Plaintiff's motion is without merit and therefore is denied.

Rule 59 of the Federal Rules provides that a party may file a motion to alter or amend the judgment "no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed. R. Civ. P. 6(a). Rule 60(b) allows for relief from judgment due to mistakes, inadvertence, excusable neglect, newly discovered evidence, and fraud; Rule 60(b) does not contain a time limitation. Fed. R. Civ. P. 60(b). Specifically, Plaintiff asserts that he is entitled to relief due to "mistake, inadvertence, surprise, or excusable neglect" under 60(b)(1); "newly discovered evidence which by due diligence could not

1

have been discovered in time to move for a new trial under Rule 59(b)" under 60(b)(2); and "fraud, misrepresentation, or other misconduct of an adverse party" under 60(b)(3).

Plaintiff's motion under Rule 59 and Rule 60 was timely filed, however, the Court finds no basis to disturb the judgment. Plaintiff was given an opportunity to be heard in the arbitration hearing, and in a hearing before this Court on July 9, 2007. Plaintiff has not provided the Court with any newly discovered evidence that would suggest that the Arbitrator's decision should be vacated in accordance with 9 U.S.C. § 10 & 12.[1] As stated in this Court's prior order, "the court's sole function is to decide whether the arbitrators' decision draws its essence from the contract." *Executive Life Ins. Co. of New York v. Alexander Ins. Ltd.*, 999 F.2d 318, 320 (8th

---

[1] 9 U.S.C. § 10 states:

(a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any part have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 12 states:

Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court. For the purposes of the motion any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award.

Cir. 1993). This standard was satisfied, and therefore entry of judgment upon the arbitrator's award was appropriate.

Plaintiff also disputes this Court's denial of Plaintiff's motion for extension of time and Plaintiff's motion for appointment of counsel. This claim for relief will again be denied. Plaintiff provided no evidence of fraud or any other misconduct by Defendants or the arbitrator. The Court evaluated whether it was appropriate to allow Plaintiff further time to respond, and also evaluated whether it was appropriate to appoint an attorney on Plaintiff's behalf. However, there was no evidence presented to the Court that any basis existed for overturning the Arbitrator's decision, and therefore an extension of time and appointment of counsel would have served only to prejudice the Defendant.
Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for relief from Judgment [doc. #35] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Extension of time to file Response/Reply [doc. #37] is **DENIED as moot**.

Dated this 30th Day of July, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE